NICHOLAS DRAKE DUNAHOO

1675 W. 37th Street, #7, Los Angeles, California 90018

Telephone: (714) 643-1922

Email: nmoinfo@gmail.com

Plaintiff in Pro Per

FILED

2026 APR 23  AM 11:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

CV26-4316-WLH-BFMx

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

NICHOLAS DRAKE DUNAHOO, an individual,

      Plaintiff,

  vs.

UNIVERSITY OF SOUTHERN CALIFORNIA; BRIAN CHAVEZ; JESUS LEPE; RUBEN MARQUINA; EMILY MARQUINA; DIANA VALDIVIA; JINA EDUSEI; MICHELLE ARGUMEDO; TONY MAZZA; ALANDER LEE PULLIAM JR.; and DOES 1-50, inclusive,

      Defendants.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

CAUSES OF ACTION:

1.  Race Discrimination — Title VII

    (42 U.S.C. §2000e-2)

2.  Race Discrimination — 42 U.S.C. §1981

3.  Age Discrimination — ADEA (29 U.S.C. §623)

4.  Sex Discrimination — Title VII

5.  Retaliation — Title VII

6.  Third-Party Retaliation — Title VII

    (Burlington Northern) — against Pulliam

7.  Race Discrimination — FEHA

8.  Age Discrimination — FEHA

9.  Retaliation — FEHA

10. Whistleblower Retaliation (Lab. Code §1102.5)

11. Wage Claim Retaliation (Lab. Code §98.6)

12. Failure to Prevent (Gov. Code §12940(k))

13. Wrongful Termination — Public Policy

14. Defamation Per Se (Civ. Code §§45-46)

15. Cyberstalking / Civil Harassment

16. Unpaid Wages / Waiting Time / PAGA

17. Breach of Contract / Promissory Estoppel

18. Workers' Comp Retaliation (Lab. Code §132a)

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights). Plaintiff's federal claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.; and 42 U.S.C. §1981. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b). Defendant USC's principal place of business is at 3434 S. Grand Avenue, Los Angeles, California 90007, and a substantial part of the events giving rise to this action occurred in Los Angeles County.

3. Plaintiff exhausted administrative remedies under Title VII and the ADEA. Plaintiff filed EEOC Charge No. 480-2025-01802. The EEOC issued a Notice of Right to Sue on February 24, 2026. This Complaint is timely filed within ninety (90) days of receipt of that Notice. A true and correct copy is attached as Exhibit A.

4. Plaintiff has exhausted administrative remedies under FEHA. This Complaint is filed within one (1) year of the EEOC Right to Sue Notice pursuant to Cal. Gov. Code §12965(c). Plaintiff has provided PAGA notice to the LWDA pursuant to Cal. Lab. Code §2699.3.

**PARTIES**

5.   Plaintiff NICHOLAS DRAKE DUNAHOO is an individual residing in Los Angeles County, California. Plaintiff is an African American male over the age of forty (40), holder of fourteen professional leadership and de-escalation certifications, a USC Presidential Medallion recipient (2022), and the operator of the photography and media brand So West Coast.

6.   Defendant UNIVERSITY OF SOUTHERN CALIFORNIA ("USC") is a private nonprofit corporation organized under California law, principal place of business at 3434 S. Grand Avenue, Los Angeles, CA 90007. USC employed approximately 28,873 persons and was Plaintiff's employer within the meaning of Title VII (42 U.S.C. §2000e(b)), the ADEA (29 U.S.C. §630(b)), and FEHA (Gov. Code §12926(d)).

7.   Defendant BRIAN CHAVEZ was Associate Director, Campus Welcome Services, USC Transportation, and Plaintiff's direct supervisor. Sued individually and in official capacity.

8.   Defendant JESUS LEPE was a senior manager at USC Transportation and is a family relation of team leads Raul, Billy Garcia, and Issac. Sued individually and in official capacity.

9. Defendant RUBEN MARQUINA was Assistant Manager at USC Transportation. Following Plaintiff's termination, Ruben issued a "Do Not Engage" directive to USC staff regarding Plaintiff. Sued individually and in official capacity.

10. Defendant EMILY MARQUINA held a management role. Emily and Ruben Marquina jointly surveilled Plaintiff's @sowestcoast business social media account on six (6) documented dates post-termination. Sued individually.

11. Defendant DIANA VALDIVIA was Assistant Manager, Guest Relations. Within nine (9) hours of Plaintiff's September 11, 2024 protected complaint, Valdivia emailed Plaintiff about his timesheet. Sued individually and in official capacity.

12. Defendant JINA EDUSEI was USC's HR Business Partner. Edusei conducted Plaintiff's termination on October 31, 2024 and sent Plaintiff a written overpayment demand thirty-six (36) days after his wage claim filing. Sued individually and in official capacity.

13. Defendant MICHELLE ARGUMEDO was Director of Client Services, University Services, USC, and signed Plaintiff's Offer of Employment. Sued in official capacity.

14. Defendant TONY MAZZA was Director of Transportation, USC Transportation, and Plaintiff's manager as designated in the offer letter. Sued in official capacity.

15. Defendant ALANDER LEE PULLIAM JR. is an individual residing in Los Angeles County. Pulliam was not an employee of USC, Allied Universal Security Services, or any authorized vendor, yet was regularly present at USC Transportation checkpoints during Plaintiff's employment. Pulliam subsequently targeted Plaintiff with retaliatory conduct as described below. Pulliam is named as a defendant in the Sixth Cause of Action for Third-Party Retaliation under Title VII.

16. DOES 1 through 50 are sued under fictitious names.

## FACTUAL ALLEGATIONS

### A.  Plaintiff's Background and Fixed-Term Contract

17. On August 19, 2024, Defendant Argumedo signed a written Offer of Employment designating Plaintiff as Lead Guest Service Ambassador — Fixed Term employee at $23.00/ hour, 37.5 scheduled hours, Expected Start Date 08/23/ 2024, Expected End Date 09/01/2025, Manager Tony Mazza. The offer letter required one (1) month written notice to change the expected end date. USC terminated Plaintiff on October 31, 2024 — ten (10) months before the stated end date — without the required notice.

18. USC's pre-employment reference check completed June 21, 2024 returned: 88% probability of re-hire; 88% overall performance rating; 6.3 out of 7.0 average score; and unanimous positive references, directly contradicting

any performance-based termination narrative.

19. Plaintiff expressly disputes the enforceability of any arbitration agreement as procedurally and substantively unconscionable under Armendariz v. Foundation Health Psychcare Services (2000) 24 Cal.4th 83.

## B. Nepotism and Hostile Work Environment

20. Defendant Jesus Lepe, a senior manager, is a family relation of team leads Raul, Billy Garcia, and Issac — who created a nepotistic and hostile environment for Plaintiff as an African American male over forty (40). Raul led efforts to encourage staff to falsify timecards — conduct Defendant Chavez failed to address.

21. On September 20, 2024, Katherine Perez sent a team-wide email deliberately excluding Plaintiff and exposing personal email addresses. Plaintiff reported this to USC's Office of Professionalism and Ethics (OPE Case No. 15908). USC terminated Plaintiff fifteen (15) days after OPE closure.

## C. Protected Activity and Retaliation

22. On September 11, 2024, Plaintiff emailed Defendant Chavez explicitly using the word "ageism" and documenting hostile work environment. Within nine (9) hours, Defendant Valdivia emailed Plaintiff about his timesheet.

23. On September 23, 2024 — twelve (12) days after the

protected email — USC issued Plaintiff a Final Written Warning.

24. On October 9, 2024, Plaintiff filed formal HR Complaint Case No. 2024-2279. USC closed this complaint on January 8, 2025 without substantive investigation. Twenty-two (22) days after the October 9 filing, USC terminated Plaintiff.

25. On October 29, 2024, a temporary worker under Plaintiff's direct supervision was hospitalized following a workplace injury. USC Environmental Health & Safety identified Plaintiff as the direct supervisor and initiated a Cal-OSHA 8-hour notification inquiry. On October 31, 2024 — the following day — USC terminated Plaintiff before Cal-OSHA reporting could be completed.

26. On January 16, 2025, Plaintiff filed Wage Claim No. WC-CM-1073700. On February 21, 2025 — thirty-six (36) days later — Defendant Edusei sent Plaintiff a written overpayment demand, constituting direct retaliation under Cal. Lab. Code §98.6.

### D.  Third-Party Retaliation by Alander Pulliam

27. During Plaintiff's employment at USC Transportation from August 23, 2024 through October 31, 2024, Plaintiff personally observed Defendant Alander Lee Pulliam Jr. — a non-employee with no authorized role — repeatedly

present at USC Transportation checkpoints. USC Transportation staff made complaints to Plaintiff in his supervisory capacity regarding Pulliam's conduct.

28. A complaint about Pulliam's conduct at USC Transportation checkpoints was filed on February 5, 2025. Pulliam subsequently filed a defamation lawsuit against USC Transportation employees in Los Angeles Superior Court Case No. 25STCV03579 on February 10, 2025.

29. Beginning August 29, 2025 — the day after Plaintiff filed an unrelated civil action — Pulliam initiated a targeted campaign against Plaintiff, including: (a) unsolicited "client portal" using attorney-client language; (b) drafting legal documents in Plaintiff's nonprofit's name without authorization; (c) obtaining Professional Liability Insurance Policy No. 0834471277 (HPSO, August 30, 2025) under Plaintiff's existing TNT Legal Advisory program without consent; and (d) filing a civil lawsuit against Plaintiff on February 23, 2026 (Los Angeles Superior Court Case No. 26STCV05598).

30. Pulliam's post-termination targeting of Plaintiff — the supervisor who observed and received complaints about his conduct at USC Transportation — constitutes third-party retaliation under 42 U.S.C. §2000e-3 and Burlington Northern & Santa Fe Ry. Co. v. White (2006) 548 U.S. 53, 68. USC's failure to protect Plaintiff from Pulliam's

foreseeable retaliation on USC facilities makes USC jointly liable.

### E.  Post-Termination Defamation and Cyberstalking

31. Following termination, Defendant Ruben Marquina communicated to USC staff a directive to "Do Not Engage" with Plaintiff, constituting defamation per se under Cal. Civ. Code §§45-46.

32. Between September 25 and December 5, 2024, Defendants Ruben and Emily Marquina surveilled Plaintiff's @sowestcoast social media account on six (6) documented dates: September 25, October 4, November 3, November 11, December 4, and December 5, 2024.

### F.  Wage and Hour Violations

33. Plaintiff was terminated October 31, 2024. Final wages not paid until December 10, 2024 — forty (40) days late. Maximum waiting time penalty: $5,520.00 ($184/day).

34. Wage Claim No. WC-CM-1073700 documents: meal period violations $1,587.00; reporting time pay $69.00; business expenses $220.00; records access penalties $1,500.00. Total documented wage claims: $8,896.00 plus back pay.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### RACE DISCRIMINATION — TITLE VII

**(Against Defendant USC)**

35. Plaintiff incorporates paragraphs 1-34. USC subjected Plaintiff, an African American male, to disparate discipline and termination because of his race in violation of 42 U.S.C. §2000e-2. USC's stated reasons are pretextual. Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, and attorneys' fees under 42 U.S.C. §1981a.

## SECOND CAUSE OF ACTION

## RACE DISCRIMINATION — 42 U.S.C. §1981

## (Against All Defendants)

36. Plaintiff incorporates paragraphs 1-34. All Defendants intentionally discriminated against Plaintiff on the basis of race in the making and enforcement of his employment contract, in violation of 42 U.S.C. §1981. Section 1981 imposes no damages cap. Each individual Defendant who personally participated is individually liable.

## THIRD CAUSE OF ACTION

## AGE DISCRIMINATION — ADEA (29 U.S.C. §623)

## (Against Defendant USC)

37. Plaintiff incorporates paragraphs 1-34. Plaintiff was over forty (40) years of age. Plaintiff's September 11, 2024 written email explicitly used the word "ageism." USC's adverse actions were substantially motivated by age in

violation of 29 U.S.C. §623(a). Plaintiff is entitled to back pay, liquidated damages, and attorneys' fees.

### FOURTH CAUSE OF ACTION

### SEX DISCRIMINATION — TITLE VII

### (Against Defendant USC)

38. Plaintiff incorporates paragraphs 1-34. USC subjected Plaintiff to differential treatment based upon his sex. Male management personnel targeted Plaintiff while female employees performing comparable functions faced no comparable adverse action.

### FIFTH CAUSE OF ACTION

### RETALIATION — TITLE VII (42 U.S.C. §2000e-3)

### (Against Defendant USC)

39. Plaintiff incorporates paragraphs 1-34. Plaintiff engaged in protected activity on seven (7) documented occasions between September 11, 2024 and February 4, 2025. Each protected act was followed by an adverse action within days, establishing causal connection under 42 U.S.C. §2000e-3.

### SIXTH CAUSE OF ACTION

### THIRD-PARTY RETALIATION — TITLE VII

### (Burlington Northern — Against USC and Pulliam)

40. Plaintiff incorporates paragraphs 1-34. Pulliam's post-termination campaign against Plaintiff — commencing August

29, 2025 and culminating in the civil lawsuit filed February 23, 2026 — constitutes third-party retaliation against a Title VII complainant. Burlington Northern & Santa Fe Ry. Co. v. White (2006) 548 U.S. 53. USC's failure to protect Plaintiff from foreseeable retaliation by a known bad actor in its facilities makes USC jointly liable. Pulliam is individually liable.

## SEVENTH THROUGH EIGHTEENTH CAUSES OF ACTION

### STATE LAW CLAIMS — Supplemental Jurisdiction (28 U.S.C. §1367)

41. Plaintiff incorporates paragraphs 1-34 and reasserts the following state law claims under supplemental jurisdiction:

SEVENTH: Race Discrimination — FEHA (Gov. Code §12940(a)) — Against USC.

EIGHTH: Age Discrimination — FEHA (Gov. Code §§12940(a), 12941) — Against USC.

NINTH: Retaliation — FEHA (Gov. Code §12940(h)) — Against All Defendants.

TENTH: Whistleblower Retaliation (Lab. Code §1102.5) — Against USC.

ELEVENTH: Wage Claim Retaliation (Lab. Code §98.6) — Against USC.

TWELFTH: Failure to Prevent (Gov. Code §12940(k)) —

Against USC.

THIRTEENTH: Wrongful Termination in Violation of Public Policy — Against All Defendants.

FOURTEENTH: Defamation Per Se (Civ. Code §§45-46) — Against Ruben Marquina, Emily Marquina, and USC.

FIFTEENTH: Cyberstalking / Civil Harassment (Penal Code §528.5; Civ. Code §1708.7) — Against Ruben Marquina and Emily Marquina.

SIXTEENTH: Unpaid Wages / Waiting Time / PAGA (Lab. Code §§201-203, 226.7, 2699) — Against USC.

SEVENTEENTH: Breach of Contract / Promissory Estoppel — Against USC.

EIGHTEENTH: Workers' Compensation Retaliation (Lab. Code §132a) — Against USC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.  Back pay from October 31, 2024 through judgment at $184.00 per day;

2.  Front pay or reinstatement;

3.  Breach of contract damages of approximately $37,132.50

(wages through September 1, 2025 contract end date), less mitigation;

4.  Compensatory damages for emotional distress;

5.  Punitive damages under 42 U.S.C. §1981a and Cal. Civ. Code §3294;

6.  Waiting time penalty of $5,520.00 (Lab. Code §203);

7.  Meal period premiums of $1,587.00 (Lab. Code §226.7);

8.  Reporting time pay of $69.00;

9.  Business expenses $220.00; records access penalties $1,500.00;

10. Workers' comp retaliation penalty $10,000.00 (Lab. Code §132a);

11. Civil penalties of $10,000.00 per violation (Lab. Code §§98.6, 1102.5);

12. PAGA civil penalties on behalf of aggrieved employees (Lab. Code §2699);

13. ADEA liquidated damages equal to back pay;

14. Attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k), 29 U.S.C. §626(b), Gov. Code §12965(b), and Lab. Code §§218.5, 2699(g);

15. Prejudgment interest at the legal rate from October

31, 2024;

16. Declaratory relief; and

17. Such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: ___4/23___, 2026

_____

NICHOLAS DRAKE DUNAHOO

Plaintiff in Pro Per

1675 W. 37th Street, #7

Los Angeles, California 90018

Telephone: (714) 643-1922

Email: nmoinfo@gmail.com

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/24/2026

**To:** Nicholas Dunahoo
1458 W 37th Street #304
Los Angeles, CA 90018
Charge No: 480-2025-01802

**EEOC Representative and email:**    BRANDON MANCIA
INVESTIGATOR
BRANDON.MANCIA@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 480-2025-01802.

On behalf of the Commission,

Digitally Signed By: Christine Park-Gonzalez
02/24/2026
Christine Park-Gonzalez
District Director

Cc:
NA NA
UNIVERSITY OF SOUTHERN CALIFORNIA
3720 S FLOWER ST STE 200
LOS ANGELES, CA 90089

Kyle Gruber
University of Southern California
1025 West 34th Street STE 101
Los Angeles, CA 90089


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request
identifying your request as a "FOIA Request" for Charge Number 480-2025-01802 to the
District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA
90012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is
a "Section 83 Request" for Charge Number 480-2025-01802 to the District Director at Christine
Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

You may request the charge file up to 90 days after receiving EEOC's official notice of
dismissal. After the 90 days have passed, you may request the charge file only if you have filed a
lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-
83-disclosure-information-charge-files.